IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW REYNOLDS                                                                                    PLAINTIFF

vs.                                             Civil No. 6:09-cv-06102

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Andrew Reynolds ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on March 8, 2007. (Tr. 10, 73). Plaintiff alleged he was disabled due to a stroke, having a "1st grade reading level," partial vision loss, and short term memory loss. (Tr. 87). Plaintiff alleged an onset date of December 21, 2006. (Tr. 10, 73). This application was initially denied on June 20, 2007 and was denied again on reconsideration on November 7, 2007. (Tr. 38-39). Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

application. (Tr. 49-52). This hearing was held on March 4, 2009 in Hot Springs, Arkansas. (Tr. 18-37). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff and the Vocational Expert ("VE") Beth Clem testified at this hearing. *See id.* On the date of the hearing, Plaintiff was twenty (20) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008)[2], and had completed high school. (Tr. 21).

On April 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-16). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 8, 2007, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: history of cerebral vascular accident, status post operative; and a left hemianopsia.[3] (Tr. 12, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant

---

[2] On the date he filed his SSI application, Plaintiff was eighteen (18) years old. (Tr. 15, Finding 6).

[3] A "hemianopsia" reflects a loss of peripheral vision. *The Merk Manual* 872 (Mark H. Beers et al. eds., 18th ed. 2006).

2

> has the residual functional capacity to perform work at all exertional levels but with the following nonexertional limitations: he has significant limitations in his ability to read and comprehend written material; he can not perform work requiring good peripheral vision due to hemianopsia; and due to poor vision, he must avoid hazards such as unprotected heights, and moving machinery.

(Tr. 12, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 15, Finding 5). Next, the ALJ determined whether Plaintiff, with his limitations, would be able to perform other work existing in significant numbers in the national economy. (Tr. 15-16, Finding 9). In order to make that determination, the ALJ heard testimony from the VE. (Tr. 15-16, 34-36). Based upon this testimony, the ALJ determined Plaintiff could perform a significant number of other jobs existing in the national economy, considering his age, education, past work experience, and RFC. (Tr. 15-16, Finding 9). Examples of such jobs include (1) landscape helper (unskilled) with 1,300 such jobs in Arkansas and 250,000 such jobs in the nation and (2) kitchen helper (unskilled) with 1,700 such jobs in Arkansas and 408,000 such jobs in the nation. (Tr. 16). Based upon this testimony, the ALJ found Plaintiff had not been under a disability, as defined by the Act, since March 8, 2007, the date his application was filed. (Tr. 16, Finding 10).

Thereafter, on April 6, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On September 18, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 21, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on November 16, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the

familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred in assessing his medical records; and (B) the ALJ erred in assessing his subjective complaints.[4] ECF No. 7 at 3-8. In response, Defendant argues substantial evidence supports the ALJ's disability determination and substantial evidence supports the ALJ's Step Five determination that Plaintiff can perform other work existing in significant numbers in the national economy. ECF No. 8 at 3-13. This Court will address both of Plaintiff's arguments.

    **A.**    **Plaintiff's Medical Records**

This Court has reviewed Plaintiff's medical records and finds those records do not establish he is disabled due to his impairments. Plaintiff has not provided any specific reference to the medical

---

[4] Plaintiff does not use these argument headers, but these are the arguments in the substantive briefing.

records establishing his claimed disability. Thus, the Court will give an overview of those records. In 2003, Plaintiff had a stroke and was treated. (Tr. 130-160). Plaintiff was found to suffer from an atrial septal defect, a congenital heart defect, and was discharged on May 13, 2003. (Tr. 132). He was directed to take aspirin, was directed to not play contact sports for three months, and was discharged in "good" condition. (Tr. 132). Thereafter, Plaintiff's learning disabilities were evaluated, and he was found to have a "history of significant learning disabilities." (Tr. 162-168). Specifically, he was found to seriously suffer with his reading ability. (Tr. 162). These problems may have resulted from his stroke, but Plaintiff had also been experiencing these problems prior to the stroke. (Tr. 162, 217). Despite these learning impairments, however, Plaintiff's IQ was found to be 93, which was well within the average range. *See id.*

Plaintiff attended high school in Glenwood, Arkansas and was able to graduate after receiving special education services, including resource classes for math and language arts and classroom modification. (Tr. 21, 218). Further, there are very few medical records dated from the relevant time period of March 8, 2007 to the date of the ALJ's decision, and these records also reflect that Plaintiff is not disabled.[5] On March 28, 2007, Plaintiff was seen by a physician at Mercy Medical Center for the removal of his moles. (Tr. 244). On June 6, 2007, Plaintiff was evaluated by Dr. Charles M. Spellman, Ph.D. as a part of an intellectual assessment. (Tr. 255-257). Dr. Spellman found the following regarding Plaintiff: "This young man is not mentally retarded. He does seem to have some problems with short term auditory memory. He can manage his own money." (Tr. 257). Thus, based upon this review, this Court cannot find these medical record establish he is disabled or suffers from disabling impairments that cause him to be unable to work.

---

[5] Indeed, Plaintiff must use the records from the relevant time period to establish his claimed disability.

6

### B. Plaintiff's Subjective Complaints

Plaintiff claims the ALJ improperly discounted his subjective complaints of disability. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[6] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies,

---

[6] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In his opinion, the ALJ performed a full *Polaski* analysis. The ALJ stated and reviewed the *Polaski* factors and then found several inconsistencies between the record and Plaintiff's subjective complaints. Notably, the ALJ found that despite his subjective complaints of disability, Plaintiff has almost completed a four semester community college program for a diesel mechanic and was training to be a diesel mechanic. (Tr. 14). The ALJ also noted that once Plaintiff completed this program, he intended to begin a course in marine mechanics. *Id.* Further, the ALJ noted that Plaintiff had extensive daily activities including "helping out with household chores, taking care of his finances, driving, and most importantly attending school full time learning a skilled to semi-skilled occupation." *Id.* The ALJ also reviewed Plaintiff's treatment records and found that Plaintiff "requires no ongoing medical treatment, and is seen primarily on a follow-up basis." (Tr. 14). Thus, this Court finds these findings are sufficient for the ALJ to discount Plaintiff's subjective complaints of disability.

**4. Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of November, 2010.**

s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE